IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 5 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00933-BNB

ANTHONY MEYERS,

    Plaintiff,

v.

NAVAJO EXPRESS/DIGBY REFRIGERATED INC., et al.,
DIGBY-RINGSBY TRUCKLINES, INC.,
DON DIGBY SR., Owner, his successors and heirs,
TOM HRGICH, Recruiting/Human Resources Mgr.,
FRANK BARKER, VP of Safety, and
TRUDY WILLIAMSON, Payroll Mgr.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Anthony Meyers, has filed *pro se* a complaint for money damages pursuant to the Thirteenth and Fourteenth amendments to the United States Constitution and pursuant to the Fair Labor Standards Act of 1938. Mr. Meyers has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Meyers is representing himself. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, Mr. Meyers will be ordered to file an amended complaint.

The Court has reviewed Mr. Meyers' complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Meyers' complaint fails to set forth a short and plain statement of the grounds for the Court's jurisdiction. To the extent Mr. Meyers is suing Defendants pursuant to the Thirteenth and Fourteenth Amendments, he appears to have filed a civil rights suit pursuant to 42 U.S.C. § 1983 or pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, he fails to allege

that any of the named Defendants is acting under color of state or federal law. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Under *Bivens*, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law.

Mr. Meyers' complaint also is verbose. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Meyers alleges that he was employed as a driver for Defendant Navajo Express Inc./Digby Refrigerated Inc. The gist of the complaint is that Defendants failed to pay for an August 27-29, 2007, orientation; that they garnished his wages for $726.00 in damage he caused to the property of a customer, leaving him with a negative paycheck, an overdrawn bank account, and no funds to send home to his wife; and that Defendants paid company fines from his paycheck, among other alleged improprieties.

Rather than summarizing each claim succinctly, Mr. Meyers apparently expects the Court to speculate who is being sued for what and how his statutory and constitutional rights have been violated. That is not the Court's job. It is Mr. Meyers' responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Meyers must assert, simply and concisely, his specific claims for relief,

including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Meyers should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Meyers is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Meyers should review his claims carefully to ensure that each named Defendant personally participated in the asserted violations. Accordingly, it is

ORDERED that Mr. Meyers file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Meyers, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that Mr. Meyers submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Meyers fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00933-BNB

Anthony Meyers
3220 Hilda's Corner Se
Conyers, GA 30013

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 6/5/08

                                  GREGORY C. LANGHAM, CLERK

                          By: _____
                                     Deputy Clerk